IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BERNARD HARVEY**                                CIVIL ACTION NO.

**VERSUS**                                        SECTION: _____ ; MAG. _____

**LASALLE CORRECTIONS, LOUISIANA
STATE DEPARTMENT OF CORRECTIONS,**   JURY TRIAL DEMANDED
**JACKSON PARISH CORRECTIONAL
CENTER, NURSE NORA, CORRECTIONAL
OFFICER BROADWAY, ET AL**

12-3018

SECT. H MAG. 4

FILED DEC 20 2012
LORETTA G. WHYTE
CLERK

---

### COMPLAINT

---

**COMES NOW INTO COURT**, Plaintiff Bernard Harvey, *in proper person*, to bring this action for damages pursuant 42 U. S. C. §§§§§ 1981, 1983, 1985, 1986, and 1988 for conspiracy to deprive and for the deprivation and denial of rights and privileges secured to Plaintiff, Bernard Harvey, by the 14th Amendment to the U. S. Constitution, the Civil Rights Act of 1866, and the statutes of the State of Louisiana, *under the color of state law*. Plaintiff, *in proper person*, Bernard Harvey avers the subsequent:

PRELIMINARY STATEMENT

1.

This is a civil rights action accompanied by pendant state law tort claims against defendants Louisiana Department of Corrections, LaSalle Corrections, Jackson Parish Correctional Center, Warden Tillman, Nurse Nora, Security Officer Broadway, *at al.*, seeking declaratory, injunctive relief, monetary and punitive damages to redress the racial harassment,

reckless endangerment, torture and denial of the equal protection and due process of law for African American male Plaintiff, Bernard Harvey, in violation of the 5th, 7th, 9th, and 14th Amendments to the Constitution of the United States, the Louisiana Constitution, and all other applicable Federal and State laws.

## JURISDICTION AND VENUE

2.

Jurisdiction is vested in this Court by 28 U. S. C. Sections 1331 and/or 1343(3) and (4). The matter in controversy exceeds $100,000. Further, Plaintiff, Bernard Harvey, seeks to invoke the provisions of 42 U. S. C. §§§§1983, 1985, 1986, 1988 for attorney fees, if and when applicable, the Civil Rights Act of 1866 and any and all other provisions of the United States Constitution, federal and state statutory laws, general, common and equity laws as applicable to the circumstances and violations hereinafter mentioned and disclosed during these proceedings.

3.

Venue is the United States District Court, Eastern District of Louisiana is proper pursuant 28 U. S. C. §1391.

4.

Additionally, Plaintiff, Bernard Harvey, brings state statutory and tort claims against the defendants for constitutional violations pursuant La, Civil Code, art. 2315 *et seq.* and for creating permanent medical injuries by negligently giving him an overdose of the high blood medication BiDil (See Exhibit #1), while plaintiff was in their custody and on property under their operation and control, in accordance with the laws of the State of Louisiana and the Louisiana Department

of Corrections. Medical injuries sustained by plaintiff preclude him from living a normal worry and pain free life. Defendants are individually, jointly and severally liable to plaintiff under the provisions of La. Civil Code art. 2317 for injuries incurred and that he will continue to incur.

## PARTIES

### Plaintiff

5.

Plaintiff, Bernard Harvey, a sixty-five (65) year old African American male, is an American citizen residing in the State of Louisiana, in the Parish of Tangipahoa, in the City of Amite at the address of 611 South Third Street. During the beginning of the relevant period, Plaintiff was incarcerated at the Jackson Parish Correctional Center under the control of Defendant LaSalle Corrections. On December 23, 20122, Plaintiff was on the high blood medication BiDil that was prescribed by the Medical Staff at the E. A. Conway Hospital in Monroe, Louisiana.

### DEFENDANTS

6.

**Louisiana Department of Corrections** is a political entity organized under the laws of the State of Louisiana that can sue and is capable of being sued. When Plaintiff's parole was revoked, Judge Robert H. Morrison II, of the 21st Judicial District Court (Division C) sentenced him "to 3 years at Hard Labor with the Department of Corrections." (Exhibit #1, 5/10/11 entry, lines 14-15).

7.

**Defendant LaSalle Corrections** is a private business enterprise operating within the State of Louisiana under the laws of the State of Louisiana that can sue and is capable of being sued. LaSalle Corrections participates an RFI with the State of Louisiana and has a contractual relationship with regards to the development and operations of corrections centers within the State of Louisiana. (See Exhibit #6).

**8.**

**Defendant Jackson Parish Correctional Center** is owned by Defendant LaSalle Corrections, operating within the State of Louisiana under the laws of the State of Louisiana that can sue and is capable of being sued. Plaintiff was housed at Jackson Parish Correctional Center when he sustained the injuries that gave rise to this litigation.

**9.**

**Defendant Nurse Nora**[1] was the Caucasian registered nurse, employed by Defendant LaSalle Corrections, on December 23, 2011. Defendant's duties and responsibilities included the supervising and dispensing scheduled doses of the BiDil to Plaintiff. On December 23, 2011 Defendant failed to give Plaintiff his medication on schedule. More than three hours after the scheduled dose, in her capacity as chief medical officer on duty, Nurse Nora ordered an employee to give Plaintiff a double dose of BiDil to make up for the skipped dose.

---

[1] Nurse Nora is the only name Defendant was known by. Her full name will be disclosed during discovery.

**10.**

**Defendant Correctional Officer Broadway**[2], a Caucasian female, was on duty on December 23, 2011. Shortly before the evening meal, Defendant Nurse Nora ordered Broadway to give plaintiff a double dose of the high blood medication BiDil. Defendant Broadway was not trained as a medical professional, and routinely failed to inquire whether it was safe to administer a double dose of the potent high medication to African American male plaintiff.

## FACTUAL BACKGROUND

**11.**

On May 11, 2011 African American male Plaintiff Bernard Harvey's parole was revoked. Plaintiff was sentenced to three (3) years of "Hard Labor" in the custody of the Louisiana Department of Corrections.

**12.**

During the relevant period, African American male Plaintiff was housed on property owned and operated by Defendant LaSalle Corrections at Jackson Parish Correctional Center in Jonesboro, Louisiana, in accordance with an RFI agreement between it and the State of Louisiana. At all times relevant, Defendant acted pursuant to and under the "color of the laws" of the State of Louisiana.

---

[2] Correctional Officer Broadway is the only name by which this defendant was known. Full name will be disclosed during discovery.

13.

Plaintiff was treated for high blood pressure while he was incarcerated at Jackson Paris Correctional Center. In the early part of December, 2011, the correctional staff transported him to E. A. Conway Medical Center in Monroe, Louisiana. The medical staff at the hospital changed Plaintiff's high blood pressure medication to BiDil. (See Exhibit #2). Plaintiff remained in E. A. Conway for five (5) days before he returned to Jackson Parish Correctional Center.

14.

Defendant Nurse Nora was in charge of dispensing plaintiff's medication at Jackson Parish Correctional Center. After he returned with a new prescription for the BiDil, Plaintiff was kept on the old medication, at which time he complained to the nurse.

15.

Plaintiff was scheduled to take his high blood medication (BiDil) around lunch time on December 23, 2011. Defendant Nurse Nora failed to provide plaintiff's medication on schedule.

16.

Plaintiff's next dose of BiDil was schedule around dinner time, about 4 P. M. At that time, instead of calling Plaintiff to the dispensary, Nurse Nora violated Correctional protocol and sent a "double dose" of BiDil to plaintiff by Correctional Officer Broadway. BiDil's manufacturer clearly warns:

*MISSED DOSE:*
*If you miss a dose, take it as soon as you remember. If it is near time for the next dose, skip the missed dose and resume your usual dosing schedule. Do not double the dose to catch up.* (See Exhibit #2).

**17.**

Plaintiff suffered a severe allergic reaction to the overdose of BiDil. He passed out at the nurse's station. His blood pressure was **60/47**. He had to be admitted to the emergency room at the Jackson Parish Hospital. (See Exhibit #4, pages 28-31).

**18.**

The medical staff at Jackson Parish determined that Plaintiff was administered an overdose of BiDil by an untrained correctional officer, Defendant Broadway. (See Exhibit #4). African American Plaintiff Bernard Harvey further believes that the negligent overdose of BiDil was a deliberate effort to kill him, as reflected by his blood pressure of **60/47**.

**19.**

The emergency room staff at Jackson Parish Hospital kept plaintiff overnight for constant observation. He was administered Dopamine to keep his blood pressure up and to prevent relapse. (See Exhibit #4, page #9).

**20.**

The negligent double dose of BiDil by Caucasian members of the Jackson Parish Correctional Center staff caused African American male plaintiff to suffer a mini stroke, verified by subsequent medical tests. (See Exhibit #4, Page #14).

**21.**

The negligent care provided to African American male plaintiff by Caucasian members of the Jackson Parish Correctional Center staff by the double dosing of BiDil caused African American male plaintiff's left eye to swell shut, necessitating the recurring doses of steroids in order for it to become semi-functional. The medical staff provided him with eye patches to help

strengthen his left eye. Plaintiff is currently seeing several eye doctors for this injury created by the overdose of BiDil.

**22.**

African American male plaintiff Bernard Harvey initiated Defendant's Louisiana Department of Corrections ARP procedure to seek redress for the damages suffered due to the negligence administering of a double dose of BiDil by its medical staff. (See Exhibit #50, pages 50-55).

**23.**

Defendant LaSalle Corrections, through its subsidiary Jackson Correctional Center, initiated the transfer of African American male plaintiff to Defendant DOC'S Hunt Correctional Center within days of giving plaintiff the double dose of BiDil.

**24.**

Upon arrival at Hunts Correctional Center, Defendant DOC made an ID of Plaintiff with a severely weakened left eye, a severe side effect reaction to the BiDil double dose.[3]

**25.**

Plaintiff did not receive a response to his Administrative Remedy Procedure from Jackson Correctional Center prior to being shipped off to Hunts Correctional Center.

---

[3] Defendants' ID will be requested during Requests for Production of Document.

**26.**

Plaintiff exhausted Defendant DOC administrative procedure by filing a step 2 with the Hunt Correctional Center. (See Exhibit #4, Page #28).

**27.**

Defendant Louisiana Department of Public Safety and Corrections and Corrections Services rejected African American Plaintiff's ARP relating to his ordeal at Jackson Correctional Center. (See Exhibit #4, page #27).

**28.**

More than two months after receiving the double dose of BiDil from Defendants Jackson Parish Correctional Center, Nurse Nora and Correctional Officer Broadway, Plaintiff's identification card evidences the residual injuries suffered from the negligent overdose of BiDil. (See Exhibit #5).

**29.**

The careless and negligent treatment of African American male plaintiff by Caucasian members of Defendant LaSalle Corrections' Jackson Correctional Center has severely impaired his ability to be assimilated back into society. The left eye damage sustained by Plaintiff because of the negligent double dose of BiDil is visible each time plaintiff look in the mirror. It is noticeable to each person that he encounters, and serves as a constant reminder of the cruel and unusual punishment he had to endure at the hands of the defendants.

**30.**

African American male plaintiff Bernard Harvey has to undergo regular treatments because of the injuries he sustained as a result of the negligent treatment at the hands of the names and unnamed defendants.

**Cause of Action**

**31.**

At all times relevant, the named and unnamed defendants acted individually, severally and jointly within Louisiana, under the laws of the State of Louisiana to deny African American Plaintiff Bernard Harvey the *procedural and substantive due process* protection of the laws of the United States of American and of the State of Louisiana by dispensing him a nearly fatal double dose of the high blood pressure medication BiDil on December 23, 2011.

**32.**

Upon information and belief, African American male Plaintiff Bernard Harvey was denied the equal protection of the law by Defendant LaSalle Corrections for its failure to properly train medical personnel Nurse Nora on the administering of the prescribed high blood pressure medication BiDil, under the color of state law.

**33.**

Upon information and belief, African American male Plaintiff Bernard Harvey was denied the equal protection of the law by Defendant LaSalle Corrections and Jackson Correctional Center for giving him a double dose of the high blood pressure medication BiDil, under the color of law.

**34.**

Upon information and belief, Defendant LaSalle Corrections and the Jackson Parish Correctional Center denied African American male Plaintiff Bernard Harvey the equal protection of the law by their failure to dispense the proper amount of the high blood pressure medication BiDil to plaintiff at the proper time, under the shield and color of Louisiana State Law.

**35.**

Upon information and belief, African American male Plaintiff Bernard Harvey was denied the equal protection of the law by Defendant LaSalle Corrections and the Jackson Parish Correctional Center for failure to dispense the prescribed amount of medication BiDil to plaintiff at the nurse's station or in a medical setting, *under the color of state law.*

**36.**

African American male plaintiff Bernard Harvey was denied the equal protection of the law by not having a medically trained person to administer a timely and proper dose of the high blood pressure medication BiDil, *under the color of state law.*

**37.**

Defendant Louisiana Department of Corrections jeopardized African American male Plaintiff Bernard Harvey's health and physical well-being by contracting with Defendant LaSalle Corrections to have him confined in a hostile environment at Jackson Parish Correctional Center which subjected him to the injuries outlines in 31-35 above, *under the color of state law.*

**38.**

Upon information and belief, the treatment and injuries suffered by African American male plaintiff at the hands of named Caucasian Defendants Nurse Nora and EMT Broadway and other unnamed parties (who will be identified during discovery), by giving plaintiff a double dose, was predicated upon race, even the prescribed medication BiDil.

**39.**

Upon information and belief, which will be corroborated during discovery, on property under the control of Defendant LaSalle Corrections (Jackson Parish Correctional Center), operating under the laws of the State of Louisiana (DOC), Caucasian actors deliberately, knowingly, intentionally, negligently, maliciously and with wanton neglect did conspire with, between among themselves to administer a double dose of the high blood medication to African American Plaintiff Bernard Harvey to induce the onset of severe side effects of Defendant Registered Nurse Nora was thoroughly familiar or should have been familiar. Those symptoms were acute drop in blood pressure, mini-stroke, inflammation and severe swelling of and permanent damage to plaintiff's left eyes, peripheral neuropathy, and lifelong treatment for the associated conditions caused by named defendants giving plaintiff a double dose of the high blood pressure medication BiDil, under the color of Louisiana State Law.

**40.**

Upon information and belief, which will be confirmed during discovery, when African American male plaintiff filed Defendant DOC Administrative Remedy Procedure with Defendant LaSalle Corrections (Jackson Correctional Center) to complain about his medical

misfortune, defendants expeditiously and conveniently transferred him to Hunt Correctional Center to cover up any wrongdoing. (See Exhibit #4, page 27).

### Prayer for Relief

**41.**

African American male Plaintiff, Bernard Harvey, will never recover from the detrimental effects of the double dose of the high blood pressure medicine BiDil which was administered by the named Caucasian Defendants Nurse Nora and EMT Broadway on December 23, 2011 at Jackson Correctional Center. A year after the ingestion of the double dosage, Plaintiff's medical conditions have been aggravated. He is currently seeing three (3) eye doctors to regain use of his left eye. The injury to his left eye, caused by the double dose of BiDil, prevents him from watching TV, driving and engaging in normal life activities. The visibly weakened eyes has lowered his self-esteem and caused him severe mental anguish. Defendants' negligence has severely limited plaintiff ability to return to a normal life. Peripheral neuropathy has been a constant companion for plaintiff since December 23, 2011 from the overdose of BiDil. The mini-stroke which has been identified by MRI'S was caused by the double dose of BiDil on December 23, 2011. The Jackson Parish Hospital called the overdose "accidental". Yet, one of the first lessons in medical training is not to attempt to make up for missed doses by doubling up. The manufacturer of BiDil emphatically says so in Exhibit #2. So there is no reason for Nurse Nora not to know better.

For the cruel and unusual suffering and the denial of the equal protections of the law under the 14th Amendment to the United States Constitution, Plaintiff Bernard Harvey prays that this Great Court finds all the defendants liable, individually, severally and jointly, and that

plaintiff be granted relief pursuant §§§§§1981, 1983, 1985, 1986, 1988, the Civil Rights Act of 1866, and Articles 2315 and/or 2317 of the La. Civil Code, and any and all other applicable state and federal laws in form of judgment in the amount of $5,000,000.00 against the defendants in their individual capacities, and $10,000,000.00 against the defendants in their official capacities, who at all times acted *under the color of Louisiana law.*

## CONCLUSION

### 42.

It is well-settled and established that a person does not lose his constitutional protection once he is incarcerated. In a nutshell, one does not cease to be an individual subject to the laws during incarceration. An inmate simply has a different set of laws, rules and procedures, established by the purveyors of authority, which must be adhered to. African American male inmate Bernard Harvey was entitled to the equal protection of the laws of the United States of America and of the State of Louisiana. Once convicted for a parole violation, the 21st Judicial District Court remanded plaintiff to the custody of the Louisiana Department of Corrections. He was not remanded to Defendant LaSalle Corrections. Defendant LaSalle Corrections, Jackson Parish Correctional Center are parties and co-conspirators with LDOC because of its RFI with the State of Louisiana. As such, it used the authority and shield of Louisiana law to own and operate a private correctional enterprise. Caucasian Defendants Nurse Nora and EMT Broadway were, al all times relevant, employed by Defendant LaSalle and acting at its behest, under the shield of state law provided to LaSalle by the State of Louisiana.

The Louisiana Department of Corrections has standing operating procedures (SOP) regarding the administering of medications to inmates. Jackson Correctional Center and its

employees Nurse Nora and EMT Broadway violated DOC policy and procedures regarding the dispensing of a double dose of the high blood pressure medication BiDil to Inmate Bernard Harvey. LaSalle Correctional Center has well-settled and established procedure regarding the issuance of medication to inmates. Defendants Nurse Nora and Correctional Officer Broadway violated Defendant LaSalle polices and procedure with the dispensing of a double dose of BiDil to Inmate Bernard Harvey.

At all times relevant, Defendants acted under the authority of State law to violated the own policies and procedures and state law itself. This conduct becomes more egregious on behalf of the Caucasian female defendants when their illicit conduct is tainted with the element of race. Simply by reading the warning on the BiDil label, Caucasian Defendant Nurse Nora knew or should have known not to double dose to make up for the skipped dose. Furthermore, Correctional Officer Broadway knew or should have known that it was not her job to dispense an illegal double dose of BiDil to plaintiff Bernard Harvey. When all was said and done, and Defendants realized the nature of their actions, they attempted a cover up by shipping Plaintiff off in the night, and rejecting his ARP because he was no longer at the scene of the crime.

Throughout Louisiana Defendant LaSalle Corrections has partnered with the DOC, municipalities and sheriff offices to promote its business. But, these partnerships with the state and local authorities must not be allowed to condone the denial and circumvention of the law. Because of the irreversible, lifelong, Ill-effects that African American male plaintiff has suffered because of the negligent double dose of BiDil on December 23, 2011 by the defendants, *in proper person* Plaintiff humbly beseeches this Great Court to grant the requested damages in an effort to make plaintiff whole. Requested damages should also include sensitivity training by the

Defendants DOC and LaSalle Corrections and their employees to insure that such reprehensible does not recur.

**WHEREFORE,** for all the above and foregoing reasons, humble African American male, ex-convict Plaintiff, Bernard Harvey, humbly beseeches this August Court, after all proceedings be had, issue an order finding all defendants liable to plaintiff for all claims stated within this petition, as a matter of law.

Done this the 20th day of December, 2012 at New Orleans, Louisiana.

RESPECTFULLY SUBMITTED BY:

*Bernard Harvey* (signature)
Bernard Harvey
Plaintiff, *In Proper Person*
611 South Third Street
Amite, Louisiana 70422
(985) 474-0692

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th of December, 2012, I forwarded a copy of the enclosed complaint to the following defendants and/or their designated agents, residences, and/or places of business/employment by sending the same certified by the United States Postal Service:

Louisiana Department of Public Safety and Corrections
Post Office Box 94303
Capitol Station
Baton Rouge, Louisiana 70804-9304

LaSalle Corrections
192 Bastille Lane
Ruston, Louisiana 71270

Jackson Parish Correctional Center
327 Industrial Drive
Jonesboro LA 71251

Nurse Nora
C/O Jackson Parish Correctional Center
327 Industrial Drive
Jonesboro LA 71251

Correctional Officer Broadway
C/O Jackson Parish Correctional Center
327 Industrial Drive
Jonesboro LA 71251

_____
Bernard Harvey