UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **BERNARD HARVEY** | * | **CIVIL ACTION NO. 13-2403** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **LASALLE CORRECTIONS, ET AL.** | * | **MAG. JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for insufficient process and insufficient service of process, [doc. # 33], filed by Defendants LaSalle Management Company, LLC[1], Jackson Correctional Center, LLC[2], Correctional Officer Broadway, and Laura Freeman.[3] The district court referred the Motion to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons assigned below, it is recommended that the Motion be **GRANTED**.

### Background

On December 20, 2012, Plaintiff, a former inmate at the Jackson Parish Correctional Center, filed the instant civil rights complaint in the United States District Court, Eastern District of Louisiana. [doc. # 1]. In brief, Plaintiff alleges that, while at the correctional center, Defendant Freeman failed to give him his high blood pressure medication, BiDil, on schedule and then subsequently ordered Defendant Broadway to give him a double dose of BiDil to make up for the skipped dose. *Id.* at 4. Plaintiff claims that the double dose caused him to suffer a

---

[1] LaSalle Management Company, LLC was incorrectly named in the complaint as "LaSalle Corrections."

[2] Jackson Correctional Center, LLC was incorrectly named in the complaint as "Jackson Parish Correctional Center."

[3] Laura Freeman was incorrectly named in the complaint as "Nurse Nora."

significant blood pressure drop, a mini-stroke, and a permanent injury to his left eye. *Id.* at 7. Plaintiff also claims that the overdose was a deliberate attempt to kill him. *Id.*

On January 9, 2013, while the case was pending in the Eastern District, Plaintiff filed four returns of service:

> (1) <u>LaSalle Corrections ("LaSalle")</u>: Plaintiff indicated that he "left the summons at the individual's residence or usual place of abode with [LaSalle], a person of suitable age and discretion who resides there, on 27 Dec. 2012, and mailed a copy to the individual's last known address."
>
> (2) <u>Jackson Correctional Center ("JCC")</u>: Plaintiff indicated that he "left the summons at the individual's residence or usual place of abode with [JCC], a person of suitable age and discretion who resides there, on 27 Dec. 2012, and mailed a copy to the individual's last known address."
>
> (3) <u>Correctional Officer Broadway</u>: Plaintiff indicated that he "left the summons at the individual's residence or usual place of abode with Correctional Officer Broadway c/o [JCC], a person of suitable age and discretion who resides there, on 27 Dec. 2012, and mailed a copy to the individual's last known address."
>
> (4) <u>Laura Freeman (incorrectly referred to by Plaintiff as "Nurse Nora")</u>: Plaintiff indicated that he "left the summons at the individual's residence or usual place of abode with Nurse Nora c/o [JCC], a person of suitable age and discretion who resides there, on 27 Dec. 2012, and mailed a copy to the individual's last known address."

[doc. #s 5, 6, 7, 8]. On February 15, 2013, Defendants filed a Rule 12(b)(3), (4), and (5) Motion to Dismiss. [doc. # 13]. On July 31, 2013, the Eastern District granted Defendants' Motion for Improper Venue (Defendants' 12(b)(3) Motion) and transferred the case to the Western District of Louisiana. [doc. # 23, p. 4]. The Eastern District pretermitted discussion of Defendants' remaining claims of insufficient process and insufficient service of process (Rule 12(b)(4) and (5), respectively). *Id.* Here, Defendants re-urge their claims that the aforementioned service attempts were insufficient and also argue that Plaintiff's most recent attempts at service are likewise insufficient.

2

On September 26, 2013, the undersigned recognized that Plaintiff's attempts at service were insufficient and granted Plaintiff an additional thirty days to properly perfect and file a return of service for each named Defendant. [doc. # 27]. Plaintiff was informed that, with regard to individual Defendants Freeman and Broadway, leaving the summons and complaint at Defendants' workplace with someone other than the actual Defendants did not constitute proper service. *Id.* With regard to Defendants LaSalle and JCC, Plaintiff was told that serving Defendants' designated agent by mail did not constitute proper service. *Id.* The undersigned gave Plaintiff detailed instructions on how to properly effect service. *Id.* Plaintiff was cautioned that his un-excused failure to comply with the Court's instructions might result in the dismissal of his claims. *Id.*

On November 22, 2013, Plaintiff filed four more returns of service. [doc. #s 29, 30, 31, 32]. The returns for Defendants Broadway and Freeman indicate that Defendants were personally served and served by mail. [doc. #s 31, 32]. The returns for Defendants LaSalle and JCC indicate that William K. McConnell, the registered agent for Lasalle and JCC, was personally served with summons on their behalf. [doc. #s 29, 30]. Despite what the returns indicate, Defendants aver that Broadway and Freeman were only served by mail and were never properly served in person. [doc. # 33-1, p. 4]. In addition, Defendants aver that, with respect to LaSalle and JCC, William K. McConnell was never personally served with a summons or a properly filed complaint. *Id.* at 5.

In reply, Plaintiff apparently disagrees with the Court's prior Order and argues that his first attempts at service in the Eastern District of Louisiana were proper. [doc. # 35, p. 2]. In the alternative, Plaintiff essentially argues that the propriety of service is immaterial at this point

3

because Defendants' "responses in the Eastern District corroborate[] the fact that they were constructively served with notice of this litigation . . . ." *Id.*

The matter is now before the Court.

### **Law and Analysis**

Defendants seek dismissal for insufficient process and for insufficient service of process. [doc. # 33-1, p. 6]. FED. R. CIV. P. 12(b)(4), (5). Although the language in Rules 12(b)(4) and (5) sounds similar, the Rules are distinct. Rule 12(b)(4) is the proper challenge when, for instance, a party alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served. *Int'l Fire and Safety, Inc. v. HC Servs., Inc.*, 2006 WL 2403496, at *1 (S.D. Miss. Aug. 18, 2006). Whereas, "a Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013). Here, while Defendants title their Motion as one for dismissal due to insufficient process and insufficient service of process, they only brief and elaborate on the latter.[4] Consequently, the Court construes Defendants' Motion as a Motion to dismiss for insufficient service of process only.

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). A district court "enjoys broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S.*

---

[4] Although three Defendants were incorrectly named in the complaint, Defendants—other than briefly citing Rule 12(b)(4)—do not discuss dismissal for insufficient process.

4

*Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

Defendants first contend that LaSalle and JCC were not properly served because, contrary to Plaintiff's assertions, LaSalle and JCC's agent for service of process, William K. McConnell, was never personally served with a summons or a properly filed complaint. Rule 4(h) of the Federal Rules of Civil Procedure provides the rules for serving a corporation:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

FED. R. CIV. P. 4(h). Rule 4(e)(1), in turn, allows a Plaintiff to serve a corporation by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.* § (e)(1). With regard to service under Rule 4(e)(1), Louisiana law provides that service of process on a "limited liability company is made by personal service on any one of its agents for service of process." LA. CODE CIV. P. art. 1266(A). Alternatively, "[i]f the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1266, then the service may be made personally on the secretary of state . . . ." *Id.* art. 1267.

Here, Plaintiff has failed to effectively serve Defendants LaSalle and JCC.[5] Plaintiff has not properly served Defendants' agent for service of process, has not attempted to serve the secretary of state, and has not delivered process to any officer, managing or general agent, or any other agent authorized to receive service of process. Plaintiff's only argument is that he served McConnell, Defendants' registered agent for service of process. Both proofs of service directed to LaSalle and JCC state that McConnell was personally served. [doc. #s 29, 30]. However, McConnell swears in an affidavit that he was never personally served with the summons and complaint. [doc. # 33-4, p. 1]. Instead, McConnell avers that the summons and complaint were sent via the United States Postal Service. *Id.* The only document that was personally served on McConnell was a complaint that had not been filed with any court. [*See* doc. # 38-1, p. 2; # 35, p. 4]. As it stands, simply mailing the summons and complaint does not satisfy any authorized form of service under state or federal law. Notably, Plaintiff provides no evidence to rebut McConnell's affidavit.

Defendants next contend that Laura Freeman and Correctional Officer Broadway have not been properly served. [doc. # 33-1, p. 8]. Individuals may be served

> (1) by following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) by doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;

---

[5] The Court notes that only Plaintiff's second attempts at service merit analysis because the Court has already determined and informed Plaintiff that his first attempts at service were deficient. [*See* doc. # 27].

>(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Louisiana state law, in turn, provides that individuals may be served either personally or domiciliary. LA. CODE CIV. P. art. 1231.

Here, it is clear that Plaintiff has not served the two individual Defendants in any permissible fashion as Plaintiff has only attempted to effect service by mailing various documents to the individuals. Defendant Freeman avers in an affidavit that she was never personally served with any documents and that the only documents she has received came to her through the mail. [doc. # 33-5, p. 1]. Defendant Broadway likewise swears that she has never been personally served with any documents concerning Plaintiff's claims. [doc. # 38-2]. Plaintiff's Certificate of Service provides additional proof that the documents were merely mailed:

Certificate of Service

>I hereby certify that on this the 18th of October, 2013, I forwarded a copy of the enclosed complaint to the following defendants and/or their designated agents, residences, and/or places of business/employment by sending the same certified by the United States Postal Service:
>
>LaSalle Management Co LLC
>
> * * *
>
>Jackson Correctional Center LLC
>
> * * *
>
>Laura Freeman
>
> * * *
>
>Rebecca Broadway

[doc. # 33-4, p. 20; # 33-5, p. 94]. As above, Plaintiff provides no evidence to rebut Defendants' averments.

In a final attempt to argue the propriety of service, Plaintiff contends that "Defendants' responses in the Eastern District corroborate[] the fact that they were constructively served . . . ." [doc. # 35, p. 2].[6] However, Plaintiff's argument is unavailing because actual notice of a lawsuit does not cure improper service of process. *See Ransom v. Brennan*, 437 F.2d 513, 519 (5th Cir. 1971) (noting that whenever a defendant challenges service of process he necessarily has notice of the suit but notice is not a sufficient ground upon which a court can sustain the propriety of service). At bottom, it is clear that Plaintiff has failed to carry his burden of proving that he validly served Defendants.

It is also clear that Plaintiff has failed to carry his burden of proving good cause for his failure to effectively serve Defendants. "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Sys. Signs Supplies*, 903 F.2d at 1013 (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Moreover, "the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (2d ed. 1987)). Here, Plaintiff makes no showing of good cause. Plaintiff provides no excuse as to why he failed

---

[6] Plaintiff also argues that Defendants were served pursuant to LA. REV. STAT. ANN. art. 13:3204. [doc. # 35, p. 2]. However, Article 3204 is inapplicable because it only applies to nonresidents.

to comply with the Court's prior Order that gave Plaintiff detailed instructions on properly effecting service. [*See* doc. # 27].

Despite being given the law on service by Defendants, in Defendants' brief in support of their first Motion to Dismiss, [doc. # 13], and by the Court, in its September 26, 2013, Order, [doc. # 27], Plaintiff has never effected proper service. Moreover, the Court has already extended the time for service once.[7] Accordingly, and even considering Plaintiff's *pro se* status, the Court finds that dismissal is appropriate as Plaintiff has been given ample opportunity to effect proper service of process. *See Sys. Signs Supplies*, 903 F.2d at 1014 (noting that even though the plaintiff's *pro se* status arguably provided grounds for leniency, the plaintiff's failure to effect proper service was not excused); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (observing that *pro se* status does not exempt a party from compliance with relevant rules of procedure).

The undersigned further observes that to the extent the applicable statute of limitations may bar Plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations

---

[7] Notable in this regard, Plaintiff does not request an extension of time in which to perfect service.

and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal that is effectively *with prejudice* are satisfied in this case. As discussed above, Plaintiff has ignored at least one court order. Further, because Plaintiff is proceeding *in forma pauperis* in this matter, he likely does not enjoy the financial resources to fund an alternative monetary sanction.[8] Finally, Plaintiff's unrepentant flaunting of Court orders[9] reflects his own contumaciouness or "stubborn resistance to authority"[10] which is personally attributable to him as a *pro se* litigant.

## Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss, [doc. # 33], be **GRANTED** and that the instant complaint, [doc. # 1], be **DISMISSED without prejudice**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[8] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[9] This report and recommendation itself provides Plaintiff with further notice of his non-compliance.

[10] *See Millan, supra*.

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers at Monroe, Louisiana, this 8th day of January 2014.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE