UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **BERNARD HARVEY** | * | **CIVIL ACTION NO. 13-2403** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **LASALLE CORRECTIONS, ET AL.** | * | **MAG. JUDGE HAYES** |

## RULING

This is a civil rights action filed by Plaintiff Bernard Harvey ("Harvey"), pursuant to 42 U.S.C. § 1983, against Defendants LaSalle Management Company, LLC ("LaSalle"); Jackson Parish Correctional Center, LLC ("JPCC"); Correctional Officer Broadway ("Broadway"); and Laura Freeman ("Freeman"). Pending before the Court is a Motion to Dismiss [Doc. No. 33] filed by Defendants.

On January 8, 2014, the Magistrate Judge issued a Report and Recommendation [Doc. No. 39] recommending that the Court grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint for insufficient process and insufficient service of process. On January 27, 2014, the Clerk of Court received Harvey's objections to the Report and Recommendation [Doc. No. 40], which he placed in the prison mailing system on January 24, 2014. On February 10, 2014, Defendants filed a response to the objections. [Doc. No. 41].

In the Report and Recommendation, the Magistrate Judge relies on the affidavits of Defendants Freeman and Broadway that they were not personally served, but received only mailed copies of the Complaint and summons, contrary to the summons executed by "Johnny Duncan." As to Defendants LaSalle and JPCC, the Magistrate Judge relies on the affidavit of their agent, William McConnell ("McConnell"), that he also only received the Complaint and

summons through the mail, rather than by personal service. Although McConnell was personally served with a "complaint," it was not a pleading filed in this Court.

In his objections, Harvey contends that Johnny Duncan personally served "agent William McConnell" on December 22, 2013.

In the response, Defendants point out that McConnell is the agent only for LaSalle and JPCC, not for Freeman and Broadway. Defendants also point out that Harvey has produced no evidence of the alleged personal service of McConnell on December 22, 2013.

In light of the posture of the case and the facts alleged, the Court issued a minute entry [Doc. No. 42] on February 19, 2014, deferring action on the Report and Recommendation and granting Harvey until March 11, 2014, to place in the prison mailing system any proof of personal service.

On or about February 26, 2014, Harvey placed in the prison mailing system his response to the Court's minute entry. In the document, Harvey explains that he misread the date, but that his process server, Duncan, actually served McConnell, as agent for LaSalle and JPCC, on December 13, 2013. As proof, Harvey presents Duncan's affidavit, accompanied with a picture allegedly showing Duncan's service of McConnell. Duncan avers that he traveled to Ruston on December 13, 2013; that he entered the office at 192 Bastille, Suite 200; that he waited for approximately one-half hour before a Caucasian male entered the lobby and identified himself as William McConnell; that Duncan then identified himself and presented two copies of the Complaint to McConnell; that Duncan had McConnell sign a handwritten receipt; and that the picture depicts Duncan on the left having McConnell, on the right, signing the receipt.

Based on these additional facts, the Court ADOPTS IN PART and DECLINES TO

ADOPT IN PART the Report and Recommendation of the Magistrate Judge and GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss. As to the claims against Broadway and Freeman, the Court ADOPTS the Report and Recommendation, the Motion to Dismiss is GRANTED, and the claims against those Defendants will be DISMISSED WITHOUT PREJUDICE. However, the Court finds that Harvey has produced sufficient evidence to show that he has properly served LaSalle and JPCC. Therefore, the Court DECLINES TO ADOPT the Report and Recommendation as to LaSalle and JPCC, the Motion to Dismiss is DENIED, and the claims against these Defendants remain pending. The case is referred to the Magistrate Judge for further proceedings consistent with this Ruling.

MONROE, LOUISIANA, this 18th day of March, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE