UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**BERNARD HARVEY**    CIVIL ACTION NO. 13-2403

**VERSUS**    JUDGE ROBERT G. JAMES

**LASALLE CORRECTIONS, ET AL.**    MAGISTRATE JUDGE HAYES

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss, [doc. # 50], filed by Defendants LaSalle Management Co., L.L.C.[1] and Jackson Correctional Center, L.L.C.[2] The District Court referred the Motion to the undersigned magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons assigned below, it is recommended that Defendants' Motion be **GRANTED**.

**Background**

On December 20, 2012, Plaintiff, a former inmate at the Jackson Parish Correctional Center, filed the instant civil rights Complaint in the United States District Court, Eastern District of Louisiana. [doc. # 1]. In brief, Plaintiff alleges that, while at the correctional center, Defendant Freeman failed to give him his high blood pressure medication, BiDil, on schedule and then subsequently ordered Defendant Broadway to give him a double dose of BiDil to compensate for the skipped dose. *Id.* at 4. Plaintiff claims that the double dose caused him to suffer a significant blood pressure drop, a mini-stroke, and a permanent injury to his left eye. *Id.* at 7. He also claims that the overdose was a deliberate attempt to kill him. *Id.* As a result,

---

[1] LaSalle Management Co., L.L.C. was incorrectly named in the Complaint as "LaSalle Corrections."

[2] Jackson Correctional Center, L.L.C. was incorrectly named in the Complaint as "Jackson Parish Correctional Center."

Plaintiff seeks relief under 42. U.S.C. § 1983 and Louisiana law.  *Id.* at 13-14.

On February 15, 2013, while the case was pending in the Eastern District, Defendants filed a Rule 12(b)(3), (4), and (5) Motion to Dismiss.  [doc. # 13].  On July 31, 2013, the Eastern District granted Defendants' Motion for Improper Venue (Defendants' 12(b)(3) Motion) and transferred the case to the Western District of Louisiana.  [doc. # 23, p. 4].  The Eastern District pretermitted discussion of Defendants' remaining insufficient process and insufficient service of process claims (Rule 12(b)(4) and (5), respectively).  *Id.*

On November 27, 2013, Defendants filed a second Motion to Dismiss and again argued that Plaintiff's Complaint should be dismissed for insufficient process and insufficient service of process.  [doc. # 33].  On January 8, 2014, the undersigned found that Plaintiff failed to properly serve Defendants and therefore recommended that the District Court grant Defendants' Motion to Dismiss for insufficient service of process in its entirety.  [doc. # 39].  On February 19, 2014, the District Court deferred action on the then-pending Report and Recommendation, and gave Plaintiff a final opportunity to "provide the Court with proof" of proper service.  [doc. # 42, p. 2].

On March 18, 2014, after receiving Plaintiff's evidence, the District Court granted Defendants' Motion only in part.  [doc. # 46].  The Court dismissed Plaintiff's claims against Defendants Broadway and Freeman, but declined to dismiss Defendants LaSalle Management Co., L.L.C., and Jackson Correctional Center, L.L.C., finding that Plaintiff "produced sufficient evidence to show that he has properly served" the two latter Defendants on December 13, 2013. [doc. # 45, p. 2-3].

The remaining Defendants filed the instant Motion to Dismiss on May 1, 2014.  [doc. # 50].  They argue that Plaintiff's Complaint should be dismissed because Plaintiff's claims therein are prescribed.  [doc. # 51].

The matter is now before the Court.

## Law and Analysis

"[A] complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).[3] The Supreme Court has held that the statute of limitations for a Section 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984) *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383-85 (2004). Here, the Court will apply Louisiana's one-year personal injury statute of limitations, LA. CIV. CODE ANN. art 3492, to Plaintiff's state and federal claims. *See Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

The date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995); *Longoria v. City of Bay City, Tex.*, 779 F.2d 1136, 1138 (5th Cir. 1986). "Under federal law, the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Piotrowski*, 51 F.3d at 516 (quoting *Russel v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)). Similarly, claims arising under Louisiana's Article 3492 commence "the day injury or damage is sustained." LA. CIV. CODE ANN. art 3492. "Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action." *Raborn v. Albea*, 2014 WL 1584502,

---

[3] Defendants generically label their Motion a "Motion to Dismiss." [doc. # 50]. Typically, motions to dismiss are styled pursuant to one or more of Rule 12's sub-parts. Because Defendants argue that Plaintiff's claims are prescribed, the Court presumes that Defendants seek dismissal pursuant to Rule 12(b)(6).

at *3 (La. App. 1 Cir. 2014) (citation omitted).

Here, Plaintiff's cause of action accrued on December 23, 2011, the date of the alleged injury. [doc. # 1, p. 6]. Plaintiff filed the initial Complaint on December 20, 2012, within the one-year limitations period (i.e. before December 23, 2012). *Id.* However, as noted above, Plaintiff filed the Complaint in an improper venue, and on July 31, 2013, well-after the limitations period expired, the District Court in the Eastern District transferred the matter to this district. [doc. # 24].

Once a defendant proves that the applicable prescriptive period has otherwise run, the burden of proof shifts to the plaintiff to show that he or she took action to interrupt prescription. *Ecroyd v. River Bend Lanes*, 620 So. 2d 343, 345 (La. App. 5 Cir. 1993); *Francis v. Am. Well Serv. & Drilling, Inc.*, 617 So. 2d 1329, 1332 (La. App. 3 Cir. 1993). Louisiana Civil Code article 3462 provides:

> Prescription is interrupted when . . . the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

LA. CIV. CODE ANN. art. 3462. The Fifth Circuit has "expressly held that this provision governs the determination of whether the prescriptive period has expired for suits . . . based on § 1983 claims." *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 Fed. App'x 363, 365 (5th Cir. 2008); *see also Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (noting that federal courts applying a state statute of limitations should also apply the state's tolling provisions).

Here, since Plaintiff initiated suit in an improper venue, his claims are time-barred unless he properly served Defendants with process before December 23, 2012. *See Mullen v. Sears, Roebuck, and Co.*, 887 F.2d 615, 617 (5th Cir. 1989) ("There is little doubt but that the service

4

requirement in Article 3462 reflects a determination by the Louisiana legislature that absent proper venue, only service provides adequate notice."); *see also Riley v. Louisiana I-Gaming*, 732 So. 2d 541, 544 (La. App. 5 Cir. 1999) (holding that transfer pursuant to the grant of an exception of venue does not interrupt prescription). As discussed above, the District Court found that Plaintiff "produced sufficient evidence to show that he has properly served" the two Defendants on December 13, 2013, almost one year beyond the December 23, 2012 deadline.[4] Thus, because Plaintiff failed to properly serve Defendants within the prescriptive period, Plaintiff's claims are time-barred.[5] *See, e.g., Titus v. IHOP Rest., Inc.*, 25 So. 3d 761, 766-67 (La. 2009) (holding that even though a plaintiff filed suit within the prescriptive period, he filed in an improper venue and failed to serve the defendants within the prescriptive period); *Jinright v. Glass*, 954 So. 2d 174, 177 (La. App. 5 Cir. 2007) (finding that prescription was not interrupted while a plaintiff's claims were pending in a court of improper venue and where plaintiff failed to properly serve the defendants within the prescriptive period).

### Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that the Motion to Dismiss, [doc. # 50], filed by Defendants LaSalle Management Co., L.L.C. and Jackson Correctional Center, L.L.C. be **GRANTED** and

---

[4] Plaintiff first attempted to serve Defendants on December 27, 2012. [doc. # 7, p. 2; # 8, p. 2]. Even assuming the propriety of these initial service attempts, the Court would nevertheless find that Plaintiff's claims are prescribed because the attempts occurred after the December 23, 2012 deadline.

[5] Plaintiff invokes the doctrine of *res judicata* and argues that the instant matter has already been decided by the Court. [doc. # 52, p. 3]. *Res judicata* applies to a "prior judgment" that was "final and on the merits." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). *Res judicata* is inapplicable here because the Court—or any court for that matter—has not reached the merits of the instant dispute.

that Plaintiff's Complaint, [doc. # 1], be **DISMISSED WITH PREJUDICE AT PLAINTIFF'S COST**.[6]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 23rd day of June, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[6] FED. R. CIV P. 54(d)(1); *Gros v. City Grand Prairie*, 34 Fed. App'x 150 (5th Cir. 2002).