UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

BERNARD HARVEY                                    CIVIL ACTION NO. 13-2403

VERSUS                                            JUDGE ROBERT G. JAMES

LASALLE CORRECTIONS, ET AL.                       MAG. JUDGE KAREN L. HAYES

RULING

This is a civil rights action filed by Plaintiff Bernard Harvey ("Harvey"), pursuant to 42

U.S.C. § 1983, against Defendants LaSalle Management Company, LLC ("LaSalle") and Jackson

Parish Correctional Center, LLC ("JPCC").  Pending before the Court is a Motion to Dismiss [Doc.

No. 50] filed by Defendants.

On June 23, 2014, the Magistrate Judge issued a Report and Recommendation [Doc. No. 57]

recommending that the Court grant Defendants' Motion to Dismiss and dismiss Plaintiff's claims

as prescribed.  On July 14, 2014, the Clerk of Court received Harvey's objections to the Report and

Recommendation [Doc. No. 58], which he placed in the prison mailing system on July 9, 2014.  On

July 18, 2014, Defendants filed a response to the objections. [Doc. No. 59].  On August 12, 2014,

with leave of Court, Harvey was permitted to file a reply [Doc. No. 62].

On September 2, 2014, Bernard then filed a motion to amend his Complaint [Doc. No. 63],

seeking to add an Eighth Amendment deliberate indifference claim.  Defendants oppose the motion,

pointing out that whether Harvey proceeds under the Eighth or Fourteenth Amendment, his claims

are still subject to a one-year prescriptive period and have prescribed. [Doc. No. 65].

First, having reviewed the entire record in this matter, including the Report and

Recommendation, the objections, responses, and reply thereto, and finding that the Magistrate Judge

has correctly stated and applied the law, the Court hereby ADOPTS the Report and Recommendation.  The Court finds that Harvey's claims under 42 U.S.C. § 1983 have prescribed.

In reaching this decision, the Court has considered Harvey's additional arguments in his objections and reply that were not presented to the Magistrate Judge.[1]  However, the Court finds that these additional arguments lack merit.  As Defendants correctly point out, the doctrine of *contra non valentum* does not save Harvey's claims.  He was aware on December 23, 2011, that he had been given a double dosage of his blood pressure medication and actually filed an administrative remedies procedures ("ARP") form two days later, claiming that he "almost lost his life." [Doc. No. 1-1, p. 33].  In his objections, Harvey admits that he knew he "was sick and something was not right" after being given the double dose. [Doc. No. 58, p. 4].  In fact, though not mentioned in his arguments, Harvey provided the Court with a copy of his medical records from the Jackson Parish Hospital, showing that he was admitted on December 23, 2011 for 24-hour observation after "he was inadvertently given a double dose of Bidil 90 mg," after which he became "dizzy and weak." [Doc. No. 1, p. 12].  He had low blood pressure when admitted, so he was placed on Dopamine, but was weaned off the medication the following morning after it was "safe" for him to "return to the jail." *Id.*  Thus, Harvey was clearly aware of any alleged injury on the date of the incident.

Harvey's attempt to support his *contra non valentum* arguments by placing blame on the Eastern District of Louisiana and Defendants also fails.  He incorrectly initiated this action in the

---

[1]To the extent that both parties have presented "matters outside the pleadings," and they have not been "excluded by the court," the Court has considered these arguments under the standard applicable to motions for summary judgment under Federal Rule of Civil Procedure 56. FED. R. CIV. P. 12(d).  However, all parties have "been given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*  Indeed the Report and Recommendation issued in June, and the parties have had ample opportunity to brief and provide evidence.

improper venue of the Eastern District of Louisiana on December 20, 2012, only three days before

the one-year prescriptive period expired, and then he failed to have Defendants properly served until

almost a year later, on December 13, 2013.  Neither the action (or inaction) of the Eastern District

of Louisiana or Defendants prevented him from filing in the correct venue or serving Defendants.

Moreover, neither the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, nor the

Administrative Remedies Procedures provide him with relief.  Under the PLRA, a prisoner must

exhaust the available administrative remedies at the prison where he is confined prior to bringing

suit under § 1983.  42 U.S.C. § 1997e(a).  Further, the Louisiana Administrative Code provides to

all prisoners in the Louisiana prison system a procedure for filing ARPs. *See* La. Admin. Code Tit.

22, PT. I, § 325 (2013).  During this process, a prisoner's period of prescription may be tolled. *See*

*Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).  However, in this case, the PLRA does not apply

because Harvey was not a prisoner when he filed suit. *Janes v. Hernandez*, 215 F.3d 541 (5th Cir.

2000).  The ARP process might still offer a basis for equitable tolling, but Harvey asked for two

things in his ARP: transfer to another facility and damages for his "pain and suffering."  The

following day, on December 26, 2011, Defendants transferred Harvey to Hunt Correctional Center.

While Harvey makes vague allegations that Defendants "prolonged the [ARP] process and denied

[him] the relief which he requested,"[2] [Doc. No. 58, p. 5], Defendants had responded by granting him

part of the relief requested by transferring him to another facility.  Harvey's argument that the

prescriptive period should be tolled until his release from prison is without support in the case law.

Finally, to the extent that Harvey has moved to amend his Complaint [Doc. No. 63], pursuant

---

[2]Harvey certainly has no cause of action, prescribed or not, against Defendants for any lack of medical care at another prison.

to Federal Rule of Civil Procedure 15(a), the Court finds that leave should not be given because such an amendment would be futile. Harvey seeks to amend his Complaint to add a claim of deliberate indifference under the Eighth Amendment. However, this claim must also be asserted under 42 U.S.C. § 1983 and is also subject to a one-year prescriptive period. Thus, this claim is also prescribed. *See Whitt v. Stephens Cty.*, 529 F.3d 278, 282 (5th Cir. 2008) (Because claims against the named defendants were time-barred and it would have been futile for the plaintiff to amend, the district court appropriately denied the motion to amend).

MONROE, LOUISIANA, this 8th day of October, 2014.


_____

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**