UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BERNARD HARVEY** | **CIVIL ACTION NO. 13-2403** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LASALLE CORRECTIONS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion for Reconsideration [Doc. No. 68] filed by Plaintiff Bernard Harvey ("Harvey"). This matter has a long procedural history with the Court. Harvey brought suit, pursuant to 42 U.S.C. § 1983, against Defendants LaSalle Management Company, LLC ("LaSalle") and Jackson Parish Correctional Center, LLC ("JPCC") based on claims arising from his former confinement at JPCC.

After some initial consideration of service of process issues, the case was referred to the Magistrate Judge for further proceedings. On June 23, 2014, the Magistrate Judge issued a Report and Recommendation [Doc. No. 57] recommending that the Court grant Defendants' Motion to Dismiss and dismiss Harvey's claims as prescribed. Harvey filed objections to the Report and Recommendation [Doc. No. 58], Defendants filed a response to the objections [Doc. No. 59], and Harvey filed a reply [Doc. No. 62].

Prior to the Court's consideration of the Report and Recommendation, Harvey filed a motion to amend his Complaint [Doc. No. 63], seeking to add an Eighth Amendment deliberate indifference claim. Defendants opposed the motion, pointing out that Harvey's § 1983 claims were prescribed, regardless of whether he proceeds under the Eighth or Fourteenth Amendment. [Doc. No. 65].

On October 8, 2014, the Court issued a Ruling [Doc. No. 66] and Judgment [Doc. No. 67]. The Court found that the Magistrate Judge had correctly stated and applied the law and therefore adopted her Report and Recommendation. However, a Ruling was issued to address arguments in Harvey's objections and reply memorandum that were not presented to the Magistrate Judge. Specifically, the Court considered and rejected Harvey's argument that his Complaint was timely under the doctrine of *contra non valentum* and his argument that he was entitled to relief under the Prison Litigation Reform Act, 42 U.S.C. § 1997, and the Administrative Remedies Procedures. Finally, the Court declined to permit Harvey to amend his Complaint [Doc. No. 63], reasoning that such an amendment would be futile.

On November 3, 2014, Harvey filed the instant motion. He criticized the Court's Ruling and took issue with a statement contained in the Ruling where the Court referred to his placement of his objections "in the prison mailing system." [Doc. No. 66, p. 1]. On November 26, 2014, Defendants filed a response [Doc. No. 70] to Harvey's motion, pointing out that the motion "raise[d] no new legal argument, which had not been previously considered and rejected by both the Magistrate Judge, as well as this Honorable Court." Harvey did not file a reply.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. After the 2009 amendments to the Rules, such a motion filed within twenty-eight (28) days of the Court's Judgment is construed as a motion to alter or amend a judgment under Rule 59(e). *See Ysais v. Richardson*, 603 F.3d 1175, 1178 & nn. 2-3 (10th Cir. 2010).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal

2

theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (modification in original). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed.1995))).

In this case, Harvey has done nothing more than rehash arguments already raised and considered by the Court. Although the Court acknowledges that it mistakenly believed him to be incarcerated at the time he submitted his objections to the Magistrate Judge's Report and Recommendation, that error had no bearing on its analysis or effect on the Court's determination that his § 1983 claims, under any theory, are prescribed. Accordingly,

IT IS ORDERED that Harvey's Motion for Reconsideration [Doc. No. 68], construed as a motion to alter or amend judgment under Rule 59(e), is DENIED.

MONROE, LOUISIANA, this 16th day of January, 2015.

*/s/ Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE